The Court of Appeals

(at May term, 1789) gave the following opinion.
It is contended, in this cause, that from the time of the claim of Mrs. Harrison to hold under the will of her father Smallzvood, that it is an adversary holding, in, which case the statute of limitations will necessarily incur. Doubts might arise, as the legacy by such construction being out of possession, and the femes covert batons, viz. in 1754, whether the right might not survive to femes after the death of barons, if they survived, if the chattel was not reduced into possession; but upon this point we give no opinion, as we think Mrs. Harrison’s possession was by permission of the legatees, and not adversary, and that the doctrine of legacies stands upon a different footing, of that of actions intended to be barred, as they are common law actions.
An action grounded upon a statute, cannot be barred such as debt for an escape, &c. The recovery of a legacy, for a further reason, cannot be barred, because it may be stopped until debts be paid, and it would be uncertain when an action could be commenced.' But the Court, added to these reasons, ground themselves greatly on this, that the barons, after taking counsel, did not disturb the possession of Mrs. Harrison, but permitted her to use and occupy the chattels in order to keep up peace and harmony in the family between mother and daughters, and therefore made no demand. That it was not interrupted, appears from Mr. Reeder's being appointed executor to Mrs. Harrison, and although he had the chattels appraised, yet it could not destroy his right, which then came to him by possession, and of *155 which right a man cannot be devested by any disclaimer, waiver or dereliction. It appearing, therefore, that there was a consent to use the negroes until Reeder’s executorship, and that the statute did not run, The Court are of opinion, the judgment of the General Court ought to be reversed, and that the County Court judgment be affirmed.